(C. D. 257)

CENTRAL FILMS, LTD. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 30, 1939)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; CLINE, J., not participating

EVANS, Judge: This is an action against the United States wherein the plaintiff claims that the collector of customs at Los Angeles illegally exacted a certain sum of money as liquidated damages for failure to export merchandise entered under 6 months' bond under the provisions of section 308 (1) of the Tariff Act of 1930, which reads as follows:

SEC. 308. TEMPORARY FREE IMPORTATION UNDER BOND FOR EXPORTATION.

The following articles, when not imported for sale or for sale on approval, may be admitted into the United States under such rules and regulations as the Secretary of the Treasury may prescribe, without the payment of duty, under bond for their exportation within six months from the date of importation, which period may, in the discretion of the Secretary of the Treasury (whether such articles are imported before or after this section becomes effective), be extended, upon application, for a further period not to exceed six months:

(1) Machinery or other articles to be altered or repaired;

\*  \*  \*  \*  \*  \*  \*

Entry was made on July 3, 1937, of one package of articles having as an essential feature an electrical element. The consumption entry recites "Entered under 6 months bond Sec. 308 (1) T. A. 1930 for repairs." The protest, so far as applicable hereto, reads as follows:

Your exaction of $87.50 as so-called liquidated damages for failure to export the merchandise covered by the hereinbelow mentioned entry, was and is illegal and erroneous. The merchandise was exported under customs supervision within the bonded period.

Other claims were asserted upon which no testimony was offered and they are hereby overruled.

When the case was called for hearing the attorney for the defendant made the following motion:

Mr. WELSH. Before the importer proceeds with his case the Government makes a motion to dismiss the protest, for the reason that the protest is not filed within the statutory time.

I am reading from the protest, and it merely alleges the date of payment as March 8, 1938, and it was received at the Custom House on the same day, March 8, 1938.

Now, the protest also shows that it arrived on July 3, 1937. The entry shows that the merchandise was liquidated October 25, 1937, and the protest, of course, was filed March 8, 1938, which is well beyond the 60 day period covered by the section of the Tariff Act that is applicable.

Judge Cline, who was sitting on circuit, took note of the motion and reserved decision because the plaintiff desired to brief the question.

A witness was called who established the fact that this was part of the equipment used in making motion pictures which had apparently been on location in Canada. It was in need of repairs and was shipped to Los Angeles for that purpose, and entry made for the purpose of procuring the necessary repairs. The claim in the protest is that the

merchandise was exported under customs supervision. There was a complete failure to prove that allegation. In fact, in our judgment there is failure of definite proof of exportation. The testimony seeks to raise an inference to that question but the witness had no part in the exportation of it, other than the giving of directions that the same should be exported. He wants the court to conclude that this was exported because he says:

A. Well, it is the only type of equipment that we have up there to do sound recording work.

It is quite probable that there are other machines of this type and his testimony does not exclude the possibility that some other machine might have been in use on the next picture made by the company. It appears that the commodity was exported by a broker who could have given exact testimony as to when this instrument was exported, if it actually was sent out of the country. There is a legal presumption to the effect that where a party does not call a competent witness as to a fact to be proven, who is available, the presumption is that he will not support the fact in question. It is our opinion that the proof of exportation is deficient. Furthermore, we are of the opinion that the record does not bring the plaintiff within the provisions of the Tariff Act as one entitled to file a protest.

Section 514 says, among other things:

* * * liquidation or reliquidation of any entry * * * shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons * * * unless the importer, consignee, or agent of the person paying such charge or exaction * * * shall, within sixty days after * * * file a protest * * *.

There is no proof that the party seeking to litigate this question paid any charges or exactions; hence, it is our opinion that he cannot maintain his action on the record here presented. Although in view of this holding we deem it unnecessary to pass upon the timeliness of the protest, we take occasion to cite in that connection the case of *Dunbar Molasses Co. et al.* v. *United States*, T. D. 44389, to the effect that a protest against charges and exactions must be filed within 60 days after the decision of the collector and payment of such charges or exactions.

For the foregoing reasons the protest is dismissed. Judgment will be rendered accordingly. It is so ordered.